UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRYSON TYRONE STREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00757-JMS-MG |
| | ) | |
| BRANDON MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY
JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

For the reasons explained in this Entry, the defendant's motion for summary judgment, dkt.

[36], is **granted.**

## I. Background

Indiana prisoner Bryson Tyrone Street, at all relevant times confined at the Pendleton

Correctional Facility ("Pendleton"), brings this 42 U.S.C. § 1983 civil rights action against

Brandon Miller, Food Services Director for Aramark at Pendleton.

Mr. Miller alleges that when he worked in the Pendleton kitchen washing pots and pans,

Mr. Miller failed to properly measure a class 4 chemical cleaner, Quat-plus, causing Mr. Street to

experience intestinal problems. Dkt. 8 (Screening Entry).

Mr. Miller filed a motion for summary judgment on April 12, 2021. Dkt. 36. Mr. Street has

not opposed the motion.

1

## II.  Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, "the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a *genuine issue for trial*.'" *Cincinnati Life Inc. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A disputed fact is material if it might affect the outcome of the suit under the governing law.  *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016).  "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Mr. Street failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Street has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Although *pro se* filings are

construed liberally, *pro se* litigants such as Mr. Street are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

#### A.  Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Street as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Mr. Miller oversees the operations of the food services at Pendleton, including the sanitation and washing of dishes. Dkt. 37-2, ¶ 3 (Miller Declaration). The sanitizing solution known as Quat-plus is used to wash and sanitize pots, pans, and other food preparation equipment at the facility. *Id*., ¶ 4.  Quat-plus is generally mixed by a machine that dilutes the solution with water prior to use. *Id*.

Mr. Street was an inmate worker assigned to wash pots and pans in the production kitchen at Pendleton on September 25, 2019. Dkt. 37-1 at 9:6-10; 10:11-25 (Street Deposition). Part of Mr. Street's job included using a three-basin sink for washing, rinsing, and sanitizing. *Id*. at 11:1; 12:14-23.

When he and other inmate workers were told to wash trays, all three sinks were drained

and refilled. *Id.* at 21:5-17. Mr. Street's alleged injury occurred when he was at the sanitizing station. *Id.* at 13:4-11.

On this occasion, the Quat-plus diluting machine was not working, so Mr. Miller had to pour the Quat-plus into the sanitizing sink. *Id.* at 19:7-12. Mr. Street does not recall how much chemical was poured into the sink, but Mr. Miller did not test the bay thereafter. *Id.* at 16:22-24; 23:11-20.

Mr. Street suffered dry, scaling, and blotchy skin after washing the trays. *Id*. at 28:9-14; 29:6-11.[1] He also experienced severe stomach cramps two weeks later. *Id.* at 33:18-22. Thereafter, he had severe diarrhea. *Id*. at 28:15-17. His cramping and diarrhea lasted about nine months. *Id.* at 36:8-10.

Medical gave Mr. Street an ointment to use on his skin. *Id.* at 29:1-5. He also purchased an antibiotic ointment from commissary. *Id.* at 31:20-23. He went to medical for his stomach issues about a week after his symptoms began and was told he might have a virus. *Id.* at 34:11-13; 35:18-21.

To Mr. Miller's knowledge, personal protective equipment such as gloves are not necessary when using the Quat-plus solution. Dkt. 37-2, ¶ 5. However, gloves are available if workers request them. *Id*.; dkt. 37-1 at 3-9. The Quat-plus solution is a standard restaurant-grade sanitizing solution. Dkt. 37-2, ¶ 7. It is safe for use by restaurant workers and safe for sanitizing food preparation equipment. *Id*.

Mr. Miller has been using the Quat-plus solution for years. *Id.,* ¶ 6. The Quat-plus chemical has come into contact with Mr. Miller's skin and he has never been injured.  *Id*.

---

[1] Mr. Street did not allege skin problems in his complaint, but he testified about them in his deposition.

B.    **Analysis**

Mr. Street alleges that Mr. Miller was deliberately indifferent to his health and safety by refusing to properly measure the Quat-plus chemical and telling him he did not need to wear gloves, which he believes caused him skin and intestinal problems.

At all relevant times, Mr. Street was a convicted offender. This means that the Eighth Amendment applies to his claims. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). The Eighth Amendment "standard encompasses both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants [must be] deliberately indifferent to the substantial risk to the prisoner's health and safety." *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021) (internal quotation omitted); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019). Minor injuries do not satisfy the objective component of an Eighth Amendment claim. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Mr. Miller argues that Mr. Street did not experience an objectively serious injury and Mr. Miller was not aware of any serious risk of substantial harm posed by the Quat-plus chemical. He also argues that Mr. Street has failed to prove that his ailments were caused by Quat-plus.

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of h[is] case with respect to which []he has the burden of proof." *Celotex*, 477 U.S. at 323. The Court need not consider whether Mr. Miller's alleged injuries were objectively serious because his claim fails on the subjective component.

The subjective standard "requires more than negligence and approaches intentional wrongdoing." *Goodloe v. Sood*, 947 F.3d 1026, 1030 (7th Cir. 2020) (internal quotation omitted). "[T]he evidence must show that the prison official  . . . knew or was aware of—but then disregarded—a substantial risk of harm to an inmate's health." *Id.* at 1030-31. The record contains no evidence from which a reasonable jury could infer that Mr. Miller knew that using Quat-plus would or could cause serious harm to Mr. Street. In fact, in Mr. Miller's own experience using the chemical for years, he has never been injured nor has he experienced any problems with his skin. In his experience, protective gloves are not required when using the product. He was also aware that Quat-plus is a standard restaurant-grade solution used to sanitize kitchen equipment. As to his knowledge and experience, the record is undisputed. In addition, no medical personnel told Mr. Street that his stomach illness was caused by Quat-plus. Rather, he was told it might be a virus.

Because Mr. Street has failed to present evidence sufficient to create a genuine issue of material fact as to whether Mr. Miller was deliberately indifferent to a substantial risk of serious harm, Mr. Miller is entitled to summary judgment.

### IV. Conclusion

For the reasons discussed above, the defendant's unopposed motion for summary judgment, dkt. [36], is **granted.** Judgment consistent with this Entry and with the screening Entry of May 1, 2020, dkt. [8], shall now issue.

IT IS SO ORDERED.

Date: 6/14/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRYSON TYRONE STREET
998384
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com